## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CH4 ENERGY-FINLEY UTAH, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>SALT LAKE GARFIELD & WESTERN RAILWAY CO.,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITHOUT PREJUDICE**<br><br>Case No. 2:20-cv-00281-DN<br><br>District Judge David Nuffer |

     This case involves claims for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing regarding a railroad services agreement ("Agreement").[1] Plaintiff seeks a temporary restraining order and preliminary injunction enjoining Defendant from breaching the Agreement and from denying Plaintiff the right to store railcars on Defendant's facility under the Agreement.[2]

     Because federal subject matter jurisdiction over Plaintiff's claims is currently lacking, Plaintiff's Motion is DENIED without prejudice.

## BACKGROUND

     Plaintiff originally filed its Complaint in the Third Judicial District Court in and for Salt Lake County, State of Utah.[3] Defendant subsequently removed the case solely on the basis of

---

[1] Complaint ¶¶ 37-53 at 7-9, docket no. 3-1, filed Apr. 27, 2020; First Amended and Restated Rail Services Agreement ("Agreement"), docket no. 6-1 at 8-46, filed Apr. 28, 2020.

[2] Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") at 1-2, docket no. 6, filed Apr. 28, 2020.

[3] Notice of Removal ¶ 1 at 2, docket no. 2, filed Apr. 27, 2020.

federal question jurisdiction under 28 U.S.C. § 1331.[4] Defendant asserts that Plaintiff's claims arise under federal law because Defendant is subject to federal regulations, and those regulations must be interpreted to determine whether the Agreement is illegal for violating federal law.[5]

After the case's removal and the filing of Plaintiff's Motion, a hearing on the Motion was set for April 30, 2020.[6] Defendant was directed to file a response to the Motion and specifically address the issue of federal question jurisdiction over Plaintiff's claims.[7]

In its Response, Defendant argues that Plaintiff's claims arise under federal law because they necessarily implicate federal regulations relating to above-ground storage of crude oil.[8] Specifically, Defendant asserts that Plaintiff's claims seek to compel Defendant to violate these regulations by invoking rights under the Agreement to indefinitely store 100 railcars of crude oil on Defendant's facility.[9] Defendant argues that Plaintiff must prove the existence of a valid contract to succeed on its claims, and that determination of the Agreement's legality necessarily turns on application of federal regulations relating to the storage of hazardous materials.[10]

Defendant stood by this argument at the April 30, 2020 hearing on Plaintiff's Motion.[11] Defendant further argued that federal courts generally permit the removal of state law claims involving railroad companies due to the extensive federal regulations regarding the railroad industry.[12] Defendant's arguments were rejected and findings of fact and conclusions of law

---

[4] *Id*. ¶ 4 at 2-3.

[5] *Id*.

[6] Notice of Hearing on Motion, docket no. 11, filed Apr. 29, 2020.

[7] Docket Text Order, docket no. 10, filed Apr. 28, 2020.

[8] Opposition to Motion for Temporary Restraining Order ("Response") at 7-8, docket no. 16, filed Apr. 29, 2020.

[9] *Id*.

[10] *Id*.

[11] Minute Order, docket no. 18, filed Apr. 30, 2020.

[12] *Id*.

were entered orally on the record determining that federal subject matter jurisdiction over Plaintiff's claims is currently lacking.[13] This Memorandum Decision and Order memorializes that determination.

## DISCUSSION

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome."[14] "The defendant seeking removal must establish that federal court jurisdiction is proper 'by a preponderance of the evidence.'"[15] And "[b]ecause federal courts are courts of limited jurisdiction, the Tenth Circuit has [held] that 'courts must deny such jurisdiction if not affirmatively apparent on the record.'"[16]

A civil action brought in state court may be removed when "the district courts of the United States have original jurisdiction."[17] Under 28 U.S.C. § 1441(b), a civil action is removable where "original jurisdiction [is] founded on a claim or right arising under the Constitution, treaties or laws of the United States."[18] "The burden of establishing federal

---

[13] *Id*.

[14] *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *7 (D. N.M. May 20, 2015), on reconsideration in part sub nom. *New Mexico v. Valley Meat Co., LLC*, No. CV 14-1100 JB/KBM, 2015 WL 9703255 (D. N.M. Dec. 14, 2015) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Bonadeo v. Lujan*, No. CIV 08–0812 JB/ACT, 2009 WL 1324119, at *4 (D. N.M. Apr. 30, 2009) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.")).

[15] *Id*. (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); citing *Lujan*, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.")).

[16] *Id*. (quoting *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (unpublished)).

[17] 28 U.S.C. § 1441(a).

[18] *Id*. § 1441(b); 28 U.S.C. § 1331.

jurisdiction is on the party seeking removal."[19] And "[b]ecause removal jurisdiction raises significant federalism concerns, the [c]ourt must strictly construe removal jurisdiction."[20]

"The determination of whether [a] plaintiff's case arises under federal law is made by reference to the complaint."[21] "Under the 'well-pleaded complaint rule', federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[22] "The vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action."[23]

"However, the Supreme Court has also recognized a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law."[24] "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[25] "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."[26] The "federal question determination requires a limited inquiry, looking only at the [p]laintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims."[27]

---

[19] *Heckelmann v. Piping Cos., Inc.*, 904 F. Supp. 1257, 1260 (N.D. Okla. 1995) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)).

[20] *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)).

[21] *Id*. (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983)).

[22] *Id*. (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).

[23] *Id*. (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

[24] *Id*. (quoting *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. at 9).

[25] *Id*. (citing *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. at 9).

[26] *Id*. (citing *Thompson*, 478 U.S. at 809 n.6).

[27] *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831-32 (2002) (refusing to consider a patent law counterclaim in determining whether federal question jurisdiction existed); *Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. at 10 ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (emphasis in original); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152 (1908) (holding that subject-matter jurisdiction must exist in the plaintiff's original cause of action, regardless of the likelihood that a federal question will arise in the course of litigation)).

"Thus, while the well-pleaded complaint that the [d]efendants envision would give rise to and set the stage for the federal [questions] in the [defenses and c]ounterclaims in the [d]efendants' [a]nswer, those federal questions are not part of the original cause of action."[28] "[T]hey are not considered when evaluating subject matter jurisdiction."[29]

In attempting to establish federal "arising under" jurisdiction, Defendant argues that Plaintiff's claims seek to compel Defendant to violate federal law by storing crude oil beyond the Federal Railroad Administration's ("FRA") "48-Hour Rule."[30] Defendant further argues that Plaintiff must prove a valid contract exists, and that a court cannot enforce an illegal contract.[31] However, this is a defense—an affirmative defense[32]—to Plaintiff's claims, which is outside the Complaint.

Plaintiff's claims relate to the Agreement,[33] and as Defendant acknowledges, "the Agreement is not for oil storage . . .  [it] relates to [Defendant]'s obligation to provide Rail Services."[34] Plaintiff's claims seek declaration that it has a right under the Agreement to store 100 railcars on Defendant's facility for no charge.[35] Nothing in the Agreement or Plaintiff's Complaint indicate a duration for the storage of the railcars. The Agreement is not illegal in its subject matter or facial requirements. No history of illegal activity is alleged or shown in the Complaint or the parties' papers. And the law can be read into the Agreement preventing illegal

---

[28] *Id.* at 371-372.

[29] *Id*. (citing *Mottley,* 211 U.S. at 152 (dismissing the action for lack of subject matter jurisdiction while ignoring the inevitable federal question presented by the case, namely, a challenge to the constitutionality of the statute that formed the basis of the complaint, because such a challenge would only properly be raised in the answer)).

[30] Notice of Removal ¶ 4 at 2-3; Response at 7-8.

[31] Notice of Removal ¶ 4 at 2-3; Response at 7-8.

[32] FED. R. CIV. P. 8(c)(1).

[33] Complaint ¶¶ 37-53 at 7-9.

[34] Response at 16.

[35] Complaint ¶¶ 37-53 at 7-9.

activity. Therefore, the possibility that Plaintiff will store railcars that contain oil for a longer period than permitted by the FRA's "48-Hour Rule" is only a hypothetical potential consequence of Plaintiff obtaining specific performance of the Agreement.

This is not a case based "on a claim or right arising under the Constitution, treaties or laws of the United States." Therefore, there is currently no federal subject matter jurisdiction under 28 U.S.C. § 1331 for a proper removal of the case under 28 U.S.C § 1441.

Because federal subject matter jurisdiction is currently lacking over Plaintiff's claims, the merits of Plaintiff's Motion cannot be reached. However, a defective notice of removal may be amended[36] to state a new jurisdictional theory within 30 days of a case becoming removable.[37] And this case is still within that 30-day period. Without current subject matter jurisdiction, Plaintiff's Motion is DENIED without prejudice.

---

[36]    A defendant may freely amend a notice of removal within the thirty-day timeframe after service. *Pub. Serv. Co. of New Mexico v. Lyons*, 1998 WL 36030240, at *1 (D. N.M. 1998). Once the thirty-day period has expired, the defendant may amend the notice of removal to cure procedural and jurisdictional defects, but not to add any substantive allegations. *Id*. Procedural and jurisdictional defects include alleging residency rather than citizenship under diversity jurisdiction. *See Tate v. Acuna*, 2018 WL 4375118, at *2 (D. N.M. 2018). Courts should grant leave so as not to "equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundation." *Lyons*, 1998 WL 36030240, at *1 (citing *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968)). In the Tenth Circuit, technical or procedural defects in the notice of removal are not fatal and defendants should be given an opportunity to amend non-substantive removal facts. *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1293 (D. N.M. 2013) (citing *Hendrix*, 390 F.2d at 301).

*Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1354-1355 (D. N.M. 2019).

[37]    The Motion to Amend was filed outside § 1446(b)'s thirty-day period, and, thus, any amendment may not set forth a new jurisdictional theory. *See New Mexico ex rel. Balderas v. Valley Meat Co.*, 2015 WL 3544288, at *25 ("There are ... problems with this new [jurisdictional] theory. First, defendants are not allowed to switch jurisdictional horses midstream."). If the Motion to Amend does not set forth a new jurisdictional theory, but instead merely corrects defective factual jurisdictional allegations—*i.e.*, technical defects—the amendment is permissible. *See Zamora v. Wells Fargo Home Mortg.*, 831 F.Supp.2d at 1302-1303.

*De La Rosa v. Reliable, Inc.,* 113 F. Supp. 3d 1135, 1172 (D. N.M. 2015).

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[38] is DENIED without prejudice.

Signed April 30, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[38] Docket no. 6, filed Apr. 28, 2020.